JOSEPH VELTMAN ET AL. v. J. M. SLATER ET AL.

No. 3261.   Decided December 17, 1919.

(217 S. W., 378.)

1.—Sheriff—Allowance for Ex-Officio Services.

The allowance permitted to be made by the Commissioner's Court to the sheriff for *ex-officio* services is limited, in a county of less than 25000 population, to the sum of $500 annually (Rev. Stats. 1911, art. 3866; Act of April, 1905, Laws, 29th Leg., ch. 65, p. 91). This limitation was not abrogated by the Act of April 3, 1913, Laws, 33d Leg., p. 246, ch. 121 (amending art. 3893, Rev. Stats., 1911) which restricted, rather than broadened the powers of the Commissioner's Court in this respect.   (Pp. 200-203).

2.—Same.

.The allowance by the Commissioner's Court of Kinney County (4000 population) of $1620 annually as compensation to the sheriff for *ex-officio* services, made Dec. 28, 1917, was invalid as to its excess over $500, the limit of their power to make such allowance.   (P. 203).

**3.—County Attorney—Allowance for Ex-Officio Services.**

Article 3893, Rev. Stats, 1911, as amended by Act of April 13, 1913 (Laws, 33d Leg., p. 246, ch. 121) grants power to Commissioner's Courts to allow compensation to County Attorneys for *ex-officio* services, limited only by the requirement that it do not increase the compensation of that officer beyond the maximum provided and the operation of other subsisting laws. An allowance of $720 annually to the county attorney of Kinney County for such services, made by the Commissioner's Court in December, 1917, was, if such maximum was not thereby exceeded, warranted by such statute. P. 203).

**4.—Fees of Office—Constitutional Law.**

The Constitution, in providing that county attorneys shall receive "only such fees, commissions and perquisites as may be prescribed by law," does not prohibit the Legislature from authorizing the Commissioner's Court to grant him compensation for *ex-officio* services rendered the county. The word "fees" as here used, means, "the reward, compensation or wages" allowed them by law in return for their services, and is broad enough to warrant such legislation. (P. 203).

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from Kinney County.

*H. E. Veltman* and *Lewright & Douglas,* for appellant.—That *ex officio* compensation may be allowed by Commissioners' Courts under art. 3893: Anderson County v. Hopkins, 187 S. W., 1019. That art. 3862 (relating to *ex officio* compensation of the County Clerk) was repealed by art. 3893; and by analogy that art. 3866 relating to *ex officio* compensation of sheriffs is likewise repealed: Navarro County v. Howard, 129 S. W., 857. That the Constitution of Texas does not commit the compensation of officers to the fee system exclusively: art. 3, sec. 44 (as to officers generally): art. 5, sec. 21 (as to County Attorney); art. 5, sec. 23 (as to Sheriff).

*Martin & Martin,* and *Old & Hull,* for appellee.—Commissioners Courts are limited by statutes and cannot do anything where the authority is not expressly conferred. Smith v. Wise Co., 187 S. W., 705; Hill County v. Sauls, 134 S. W., 267; Slaughter v. Hardeman County, 139 S. W., 662; Jeff Davis County v. Davis, 192 S. W., 291; Montgomery County v. Tally, 169 S. W., 1141; Mills County v. Lampasas County, 90 Texas, 603.

H. E. Veltmann is receiving a plain, simple salary from the county, and it is illegal and unauthorized, though they claim it is permissible under the theory that it comes under Chapter 4, Title 58, of the Revised Statutes. As to the law, Words and Phrases, Vol. 3, page 2715, defines fees as compensation for particular acts or services; while salary denotes a recompense or consideration to be paid for continuous, as contradistinguished from particular services, and may be denominated annual or periodical wages. The Constitution says: "County attorneys shall receive as compensa-

tion only such fees, commissions and perquisites as may be prescribed by law.'' The old case of Grooms v. Atascosa County, 32 S. W., 188, stands forth as plain and as strong as ever. The facts in that case are nearly duplicated in the case now before the court. The case of Lattimore v. Tarrant County, 124 S. W., 205, is one that throws much light on this question.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The certificate of the honorable Court of Civil Appeals for the Fourth District presents this state of facts—a sufficient summary for the decision of the questions certified.

The Commissioners Court of Kinney County, one member opposing, on December 11, 1916, entered an order raising the compensation of the County Attorney for *ex officio* services to $720 per annum, payable monthly; and, on December 28, 1917, an order fixing the compensation of the Sheriff for *ex officio* services at $1620 per annum payable monthly.

The compensation provided for the County Attorney was not for any special legal services, but contemplated only the performance of such *ex officio* duties as devolve upon county attorneys under the statutes.

The compensation provided for the Sheriff was likewise merely for *ex officio* services. In that order it was recited that the total fees received by the Sheriff would not exceed $300 per annum, whereas the expenses of his office in the proper discharge of its duties would exceed $1600 per annum; and the compensation fixed was in the opinion of the court therefore necessary for the good of the public.

At the time of the orders, the population of Kinney County was 4,000.

The questions certified are as to the authority of the Commissioners Court under Article 3893 as amended by Chapter 121 of the Acts of the Thirty-third Legislature, to make these *ex officio* allowances and direct their payment out of the county's funds.

Article 3866 of the Revised Statutes—a codification of the Act of 1905 (Chapter 65, Laws of 1905)—limits to $500 the amount of compensation for *ex officio* services that the sheriff may receive annually in counties of 25,000 population or less, and to $800 the amount he may receive annually for such services in counties exceeding that population. It is in these words:

''For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, the sheriff may receive annually not exceeding five hundred dollars, to be fixed by the commissioners court at the same time other *ex officio* salaries are fixed; provided, that, in counties exceeding twenty-five thousand.

population at last decennial census, sheriffs may receive an additional amount not exceeding fifty dollars for each five thousand population in excess of twenty-five thousand up to fifty thousand population, to be paid out of the general funds of the county on the order of the commissioners' court. Provided, that the total amount of compensation which may be paid annually under the provisions of this act shall not exceed the sum of eight hundred dollars.''

Article 3893 in the Revised Statutes was originally Section 15 of the Act of 1897 (Chapter 5, Acts of the Special Session). Its language as an article in the Revision of 1911 is the same as that of Section 15 of the Act of 1897, except that the word ''chapter'' instead of ''act'' is used in the opening and concluding lines.

Section 15 of the Act of 1897 read:

''It is not intended by this act that the commissioners court shall be debarred from allowing compensation for *ex officio* services to county officials not to be included in estimating the maximum provided for in this act, when in their judgment such compensation is necessary; provided, such compensation for *ex officio* services shall not exceed the amounts now allowed under the law for *ex officio* services; provided, further, the fees allowed by law to district and county clerks, county attorneys and tax collectors in suits to collect taxes shall be in addition to the maximum salaries fixed by this act.''

The purpose of the section—exclusive of the last proviso which is not material here—was to warrant, when necessary in the judgment of the Commissioners Court, the allowance to county officials of compensation for *ex officio* services to the extent of the amounts then fixed by law for such services; and to exclude such allowance, where made, from the estimation of the general maximum of compensation provided in the act.

The purpose of the Act of the Thirty-third Legislature (Chapter 121, Laws of 1913), in its amendment of Article 3893, was still to authorize the allowance of compensation for such services when necessary in the judgment of the Commissioners Court, but only where the compensation of the particular official and the excess fees permitted to be retained by him, as fixed in other parts of the act, did not reach the maximum also provided by the act; and then, only in such an amount as with his other compensation and the excess fees allowed to be retained would not exceed that maximum. By the amendment the article was made to read as follows:

''The commissioners' court is hereby debarred from allowing compensation for *ex officio* services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this Chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this

Chapter, the commissioners court shall allow compensation for *ex officio* services when, in their judgment, such compensation is necessary; provided, such compensation for *ex officio* services allowed shall not increase the compensation of the official beyond the maximum amount of compensation and excess fees allowed to be retained by him under this Chapter."

The Act of 1905 was plainly a limitation upon the power of the Commissioners' Courts to allow *ex officio* compensation to sheriffs under Section 15 of the Act of 1897. It was the later act, and clearly intended to control the exercise of the authority to make such allowances as conferred by the older act.

There has been no express repeal of the Act of 1905. As Article 3866 in the Revision of 1911, it stood as a part of the statute law of the State when the order of the Commissioners' Court involved in this case was made. So far as affected by any express action of the Legislature in its regard, it still stands as an article of the statutes.

Unless, therefore, the necessary effect of the Act of 1913 in its amendment of Section 15 of the Act of 1897 appearing as Article 3893 in the Revision of 1911, was to abrogate it,—which is the contention made in behalf of the Commissioners Court's order—it is still a limitation upon the power of the Commissioners Courts to allow *ex officio* compensation to sheriffs under the amendment.

The power of the Commissioners Courts to allow *ex officio* compensation was granted by the amendment in terms no more broad than those found in the original section. As conferred by the amendment, it is a more limited power, since it cannot be exercised for the allowance of a greater amount than the maximum compensation and excess fees permitted to be retained as provided by law, whereas under the original section the authority was not subject to this restraint. Under the latter, as already noted, the allowance could be made though thereby the general maximum of compensation provided by law were exceeded, the only restriction being that the allowance should not be of larger amount than fixed by law for *ex officio* compensation. The power of the Commissioners' Courts in the premises was expressed in the same general terms in both enactments. That is, they were authorized in both to allow *ex officio* compensation only "when necessary in their judgment." The effect of the amendment was not to enlarge the power.

Since the Act of 1905 was plainly a limitation upon the exercise of the power to allow *ex officio* compensation to sheriffs under original Section 15 of the Act of 1897, and since that power was in no wise amplified by the Amendment of 1913, it is difficult to perceive how any question of an implied repeal of the Act of 1905 by the amendment can arise.

We do not think the Legislature had any purpose in the amendment to effect such a repeal. If it did, it is clear that it did not express it by a sufficient enactment.

Under the law, the Commissioners Court of Kinney County could allow the Sheriff compensation for *ex officio* services only in an amount not more than $500; and to the extent that the allowance made exceeded that amount it was invalid.

We assume from the certificate that the effect of the allowance made the County Attorney for *ex officio* services was not to increase the amount of his entire compensation beyond the maximum fixed by law. If we are correct in this inference, the order of the Commissioners Court was within its lawful authority.

Article 3893 as amended by the Act of 1913, is a clear grant of power to the Commissioners Courts to allow, when in their judgment necessary, *ex officio* compensation to county officials where their compensation and the excess fees they are permitted to retain do not reach the maximum provided by law, limited only by the requirement that the allowance shall not increase the compensation of the particular official beyond that maximum, and the operation of other subsisting laws. There is no implication from the language, as has been suggested, that the power can be exercised only where the allowance of *ex officio* compensation to the official is authorized by some other statute. The evident purpose of the Legislature was to authorize its allowance by this statute, within the limitations above stated; and it therefore suffices for the purpose. The power was one within the authority of the Legislature to confer. The statute grants it in unequivocal terms. That ends the matter so far as the courts are concerned except in cases of a manifest abuse of the power.

True, the Constitution provides that county attorneys shall receive as compensation "only such fees, commissions and perquisites as may be prescribed by law." But the allowance of *ex officio* compensation to county attorneys is not thereby interdicted. The word "fees" as used in the Constitution is not to be given a narrower meaning than its ordinary legal significance. As a term expressive of remuneration for public officials it has been long recognized to mean "the reward or compensation or wages" allowed by law in return for their services. City of Austin v. Johns, 62 Texas, 179. As used in the Constitution its meaning is therefore broad enough to warrant legislative authorization for the allowance to county attorneys of compensation for *ex officio* services. Callaway County v. Henderson, 119 Mo., 32, 24 S. W., 437.