JAMES W. WITHERSPOON, DISTRICT ATTORNEY, v. GEORGE H. SHEPPARD, COMPTROLLER.

No. 6557.   Decided February 7, 1934.
(67 S. W., 2d Series, 1037.)

Carl Gilliland, of Hereford, for relator.

On the proposition that respondent should issue warrants

as provided for in the Act of 41st Leg., p. 134, relator cites: Veltman v. Slater, 110 Texas, 198, 217 S. W., 378; Harris County v. Hammond (Civ. App.), 203 S. W., 445; City of Austin v. Johns, 62 Texas, 179; Curtin v. Harris County (Civ. App.), 203 S. W., 453.

For a definition of the term "fees" relator cites: C. J. v. 25, p. 1010; Lightfoot v. Lane, 104 Texas, 447, 140 S. W., 89; Bexar County v. Linden (Civ. App.), 205 S. W., 478 (Sup. Ct.), 110 Texas, 339, 220 S. W., 761; Small v. State, 32 S. W. (2d) 860.

*James V. Allred,* Attorney General, *Homer C. DeWolfe,* Assistant Attorney General, for respondent.

The compensation provided for in Chapter 66, p. 134, Acts 41st Leg. 2d c.s., is violative of Article 5, Section 21, of the Constitution of Texas, in that said compensation is in the nature of a salary and is not a fee, commission or perquisite. Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799; 25 C. J., 1010; 54 C. J., 1120; Landis v. Lincoln County, 31 Ore., 424, 50 Pac., 530; State v. Bland, 91 Kan., 160, 136 Pac., 947.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this proceeding, the relator, James W. Witherspoon, District Attorney, seeks the writ of mandamus to compel George H. Sheppard, State Comptroller, to issue warrants to relator for per diem compensation as provided in the Act passed by the Legislature in the year 1929 (Acts of 41st Legislature, Second Called Session, Chapter 66, p. 134).

The controlling question in the case goes to the authority of the Legislature to provide a per diem compensation to the District Attorney, as undertaken to be provided in said statute, which reads as follows:

"Section 1. District Attorneys in all Judicial Districts composed of two or more counties, shall receive from the State as pay for their services, the sum of $500.00 per annum as provided by the Constitution, and in addition thereto, and in lieu of the fees, commissions, and perquisites provided by law, shall receive from the State the sum of $10.00 for each of the first three hundred and fifty days of every calendar year a compensation for attending examining trials, Habeas Corpus hearings the sessions of the District Court of the District they represent, and for performing such other duties as imposed by law. The compensation provided for in this Act shall be paid monthly by the State upon warrants drawn by the Comptroller

of Public Accounts, and it shall not be necessary for the District Attorney to file any account with the District Judge or the Comptroller of Public Accounts. Nothing in this Act shall be construed so as to deprive District Attorneys of the expense allowance now provided by law, nor shall this Act affect the salary or compensation of any District Attorney fixed by special law. All commissions, perquisites and fees allowed to and collected by District Attorneys in Districts composed of two or more counties shall be paid to the District Clerk of the county of his residence, who shall pay the same over to the State Treasury."

Section 21 of Article 5 of the State Constitution provides in part as follows:

"The legislature may * * * make provision for the compensation of district attorneys and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions, and perquisites as may be prescribed by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

With respect to the above clause relating to county attorneys, it has been held that the meaning of the term "fees," as there used, is broad enough to include ex officio compensation, without specific regard to the performance of any particular service. Veltman v. Slater, 110 Texas, 198, 217 S. W., 378. However, the same comprehensive meaning cannot be ascribed to the term as same is used in the clause relating to the compensation of district attorneys. For in this last mentioned clause an annual salary of five hundred dollars is expressly provided for the district attorney. The salary thus provided is compensation of essentially the same character, and has essentially the same attributes, as the ex officio compensation to the county attorney which, in the case cited, was held to fall within the meaning of the term "fees" as used in the clause of the Constitution relating to county attorneys. Since, therefore, the Constitution has expressly covered this field, as regards district attorneys, by allowing an annual salary of five hundred dollars, authority to modify the amount of the compensation so provided in the Constitution is impliedly excluded from the legislature. It necessarily follows, therefore, that the authority given to the legislature to provide "fees, commissions and perquisites" for the district attorney does not include authority to provide compensation for the performance of his duties generally, based solely on the passage of time, and without specific regard to the performance of any par-

ticular service prescribed by law. The Act in question undertakes to do that very thing. The provision for per diem compensation, as contained in the Act, is not reasonably susceptible of any other meaning. The subject of compensation for which such additional pay is allowed is essentially the same as that for which the Constitution provides an annual salary. The Act is unconstitutional, and therefore void.

It is to be observed that the provisions of Article 1021 of the Code of Criminal Procedure differ in material respects from the Act here involved.

We recommend that the writ of mandamus sought by the relator, be refused.

The opinion of the Commission of Appeals is adopted and the mandamus refused.

C. M. CURETON, Chief Justice.