## HANSBRO v. NEIDERHOFER et al.

### No. 2619.

Court of Civil Appeals of Texas. Beaumont.

May 23, 1935.

Wm. McMurrey, of Cold Springs, for plaintiff in error.

Campbell, Murphy & Cochran, of Livingston, for defendants in error.

O'QUINN, Justice.

On August 2, 1933, E. J. Neiderhofer, C. Ellisor, and W. E. Franklin were commissioners of their respective precincts of San Jacinto county, Tex., and W. B. Hansbro was the county judge, and John C. Browder the county attorney of said county. On that date the commissioners' court of said county met in regular session with Judge W. B. Hansbro presiding, and each of the above-named commissioners present. During the deliberations of the court, Commissioner E. J. Neiderhofer moved the court that John C. Browder, county attorney, be allowed the sum of $1,200 as ex officio fees of office for the year 1933; two-thirds of said sum to be due and payable as of August 1, 1933, and the remainder to be due and payable monthly in the sum of $100 per month, same to be paid on the first day of each month up to and including December 1, 1933. This motion was duly seconded by Commissioner C. Ellisor. Judge Hansbro declined to recognize the motion, or to permit same to be voted on by the commissioner members of the court. This suit for mandamus to compel Judge Hansbro to receive the motion and to submit same to a vote of the commissioners was instituted by the commissioners mentioned. The mandamus was awarded, and this appeal is from that judgment.

The several commissioners, together with the county judge, compose the commissioners' court, and the county judge, when present, is the presiding officer of the court. Article 2342, R. S. 1925. The allowance of ex officio fees as compensation for official services is lodged with the commissioners' court, and the power to do so is vested in the court to be exercised in their discretion, limited only to the maximum of such fees as are allowed by law. Article 3895, R. S. 1925; Veltman v. Slater, 110 Tex. 198, 217 S. W. 378. The commissioners' court having jurisdiction of the matter, the county judge, as its presiding officer, has no discretion in receiving motions offered in the regular discharge of the court's business, and submitting said motions to a vote of the members of the court for their decision, but must permit the members composing the court to exercise their will in adopting or rejecting such proposals. While an official cannot be mandamused to do an act in a certain way which involves his discretion, yet when he refuses to discharge the duties devolving upon him in any way, that is, refuses to act at all, he may by mandamus be compelled to act. 28 Tex. Jur. pp. 537–540, § 13, and authorities cited. The receiving of mo-

tions and submitting them to a vote of the court does not involve the discretion of the county judge presiding over the commissioners' court, and so his acts in that capacity are merely ministerial. If he could, as he chose, refuse to receive a motion, when duly seconded, and refuse to allow the members of the court to vote on same, in the matter such as here involved, he could do so in other matters, and thus reduce the court to the pleasure, judgment, or will of the presiding officer, which is contrary to the purpose for which the court was created, and a perversion of the powers conferred upon the court by law.

The judgment awarding the mandamus is affirmed.