

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLXXWILLSLIXX~~
ATTORNEY GENERAL

Honorable E. A. Watson
County Attorney
Crosby County
Crosbyton, Texas

Dear Sir:

Opinion No. O-6749
Re: Under the given facts could the
Commissioners' Court of Crosby
County under the provisions of
Senate Bill No. 123, R.S., 49th
Leg., pay all or any part of the
increase in compensation out of
any other fund than the fees of
office?

Your request for our opinion on the above questions is
as follows:

"Crosby County contains a population of
slightly in excess of ten thousand, according
to the last United States census.

"Crosby County is still under the fee bill,
and has never been placed on the salary basis.
Tax valuation under $7,000,000.00.

"If, under Section I (a) of said bill, the
Commissioners' Court decided to enter an order
increasing the compensation of Precinct, County
and District Officers, not to exceed twenty five
per cent of the sum allowed under the law for the
Fiscal year 1944, from what source would the funds
come to pay for the increase in compensation?
In other words, under this section I (a) could
the Commissioners' Court pay all or any part of
the increase in compensation out of any other
fund than the fees of the office?

"As to Section 2 of said bill, could the
Commissioners' Court of Crosby County increase
the compensation of any deputy, assistant or
clerk in any sum above the amount paid for the
fiscal year 1944, and if so, would such increase
compensation be paid out of the fees of the of-

fice, or commissions or could they be paid out
of any other county funds?

"With reference to Section 3 of said act,
paragraph e, can the Commissioners' Court of
Crosby County increase the compensation of Pre-
cinct, County and District Officers as provided
in said section, and if so, will the increase be
paid out of fees of the office, or if they are
insufficient out of some other fund of the county.

"Section 4 (b) under this section, can the
Commissioners' Court of Crosby County, increase
the compensation of precinct, county and district
officers as therein provided for, and if so, will
the increase have to be paid out of fees and com-
missions or will the court be permitted to pay
said increase out of any other county fund.

"Section 5 of said act provides that section
2 of Article 3934 Revised Civil Statutes of Texas,
1925, be and the same is hereby in all things re-
pealed.  Said Section 2 of Article 3934 is the
Section which provides that the Commissioners'
Court may pay to the Sheriff for services in post
ing election notices, etc., in any sum not exceed-
ing one thousand dollars per year.  It appears to
me  that said section 5 destroys the right of the
Commissioners' Court to pay the Sheriff any sum
for such services, and I am unable to find where
the court would be authorized to pay the Sheriff
anything for such ex officio services as are pro-
vided for in the original section 2 repealed by
Section 5 of this act.

"Please advise me what your ruling is on
this matter, and if the Court cannot pay the
Sheriff any salary for such ex officio duties out
of the General Fund, then please advise me what
fund, if any, they may pay him besides the fees
and commissions of his office.  In other words,
under the present statutes and under this act,
is there any provision for the Commissioners'
Court to pay the Sheriff of Crosby County any-
thing except such as he may earn by the fees of
the office.

"So far as furnishing you with any further
brief than the above, I am not prepared to do so
except to refer you to the former brief furnished

you in connection with the request for an opinion
with reference to Sheriff's compensation, etc.
However, it is my opinion that under the law as
it now stands, all compensations paid to all of-
ficers in Crosby County, except the Sheriff, are
to be paid out of fees and ex officio salaries as
heretofore provided.  It is further my opinion
that since Section 5 of said act repeals section
2 of Article 3934 that all of the compensation
that can be paid to the sheriff of Crosby County,
must be paid out of fees and commissions and that
the commissioners' Court would not be authorized
to pay the Sheriff any kind of compensation for
any service except so far as they come from fees
and commissions earned by him.

"It is my further opinion that the Legislature
probably overlooked the fact that they were cutting
the Sheriff off from the ex officio provided in the
original section 2 of Article 3934.  However, I
hope that I am mistaken and that you will hold that
the Commissioners' Court can pay the Sheriff compen-
sation in excess of what he drew under the law for
the fiscal year 1944."

Senate Bill No. 123 is in part as follows:

"Section 1.  That Article 3891, Revised Civil
Statutes of Texas, 1925, as amended, be and the
same is hereby amended by adding thereto the fol-
lowing:

"'(a)  The Commissioners' Court is hereby au-
thorized, when in their judgment the financial con-
dition of the county and the needs of the officers
justify the increase, to enter an order increasing
the compensation of the precinct, county and dis-
trict officers in an additional amount not to exceed
twenty-five (25%) per cent of the sum allowed under
the law for the fiscal year of 1944, provided the
total compensation authorized under the  law for the
fiscal year of 1944 did not exceed the sum of Thirty-
six Hundred ($3600.00) Dollars.'

"Sec. 2.  That Article 3902, Revised Civil
Statutes of Texas, 1925, as amended, be and the same
is hereby amended by adding thereto the following:

"'9.  The Commissioners' Court is hereby au-
thorized, when in their judgment the financial con-

dition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 3. That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(e) The Commissioners' Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 4. That Section 15 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(b) The Commissioners' Court is hereby authorized, when in their judgment the Financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 5. That Section 2 of Article 3934, Revised Civil Statutes of Texas, 1925, be and the same is hereby in all things repealed; and all laws or parts of laws in conflict with the provisions of this Act are hereby repealed insofar as they conflict."

Article 3883, Vernon's Annotated Civil Statutes, is in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1.  In counties containing twenty five (25,000) thousand or less inhabitants:  County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Texas, Twenty-four Hundred ($2400.00) Dollars each;  Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each."

Article 3891 of said statute is in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law.  If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000).  Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400).

"  . . . . . . . .

"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected

and not used as provided in Article 3892, or used to
pay salaries of deputies and assistants when current
fees are insufficient, shall be paid into the County
Treasury in the County where the excess accrued.

"All fees due and not collected, as shown in
the report required by Article 3897, shall be col-
lected by the officer to whose office the fees ac-
crued and shall be disposed of by said officer in
accordance with the provisions of this Act.

"The compensation, limitations and maximums
herein fixed in this Act for officers shall include
and  apply to all officers mentioned herein in each
and every county of this State, and it is hereby
declared to be the intention of the Legislature
that the provisions of this Act shall apply to each
of said officers, and any special or general law
inconsistent with the provisions hereof is hereby
expressly repealed in so far as the same may be
inconsistent with this Act.

"The compensation, limitations and maximums
herein fixed shall also apply to all fees and com-
pensation whatsoever collected by said officers in
their official capacity, whether accountable as fees
of office under the present law, and any law, general
or special, to the contrary is hereby expressly re-
pealed. . . ."

The above-quoted provisions of Article 3883 authorize
the county officials therein named to retain from the fees col-
lected by them the sums of money therein set forth.  The quoted
provisions of Article 3891 authorize said officials to retain
from one-third of the excess fees collected by them the addition-
al sums therein provided for.  Section 1 of Senate Bill No. 123
amends Article 3891 by authorizing the Commissioners' Court, in
their discretion, and when in their judgment the financial con-
dition of the county and the needs of the officials therein named
justify the increase, to enter an order increasing the annual
compensation of said officials in an additional amount not to
exceed twenty-five per cent of the sum allowed under the law for
the fiscal year 1944, provided the total compensation authorized
for under the law for the fiscal year of 1944 did not exceed
the sum of $3,600.00.  This increase, if authorized by the Com-
missioners' Court, must be paid from the excess fees collected
by said official, unless it, or a part thereof, should be in-
cluded in the payment of compensation for ex-officio services,
as hereinafter set forth.

Article 3902 of said statutes provides in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

From the above-quoted provisions of the statute relating to the compensation of deputies, assistants and clerks, it was evidently intended that such compensation should be paid only from the fees of office, commissions and other compensation, except compensation for ex officio services, collected by the various county officials. In our opinion, the amendment of Article 3902 by Senate Bill No. 123 makes no change in the manner of payment of such deputies, assistants and clerks, and that they must be paid from said fees, commissions and other compensation collected by said officials as above set forth.

Sections 3 and 4 of Senate Bill No. 123 do not apply to Crosby County, since said sections are applicable only to counties that are on a salary basis.  Therefore, you are advised that Crosby County cannot increase the compensation of its county and precinct officials under the provisions of either Section 3 or Section 4 of Senate Bill No. 123.

Article 3926, V.A.C.S., is in part as follows:

"The county judge shall also receive the following fees:

".  .  .  .  .  .  .

"3.  For presiding over the Commissioners' Court, ordering elections and making returns thereof, hearing and determining civil causes, if any, and transacting all other official business not otherwise provided for, the County Judge shall receive such salary from the County Treasury as the Commissioners' Court may allow him by order, payable monthly from the general funds of the county, . . ."

Article 3928 of said statute is in part as follows:

"The District Clerk shall also receive the following fees:

".  .  .  .  .  .  .

"3.  For the care and preservation of the records of his office, keeping the necessary indexes, and other labor of the like kind, to be paid out of the County Treasury on the order of the Commissioners' Court, such sum as said Court shall determine."

Article 3932 of said statutes is in part as follows:

"For all ex-officio services in relation to roads, bridges and ferries, issuing jury script, county warrants, and taking receipts therefor, services in habeas corpus cases, making out bar dockets, keeping records of trust funds, filing and docketing all papers for Commissioners' Court, keeping road overseers' books and list of hands, recording all collection returns of delinquent insolvents, recording county treasurer's reports, recording reports of justices of the peace, recording reports of animals slaughtered, and services in connection with all elections, and all other public

services not otherwise provided for to be paid upon the order of the Commissioners' Court out of the treasury, the county clerk shall receive such sum as the Commissioners' Court may determine under the provisions of Article 3895, to be paid quarterly.
. . . . "

Article 3895 of said statutes is as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

In the case of Veltman v. Slator, 217 S.W. 378, the Supreme Court construed the last above-quoted statute, which was then Article 3893, as follows:

"Article 3893 as amended by the Act of 1913, is a clear grant of power to the Commissioners' Court to allow, when in their judgment necessary, ex officio compensation to county officials where their compensation and the excess fees they are permitted to retain do not reach the maximum provided by law, limited only by the requirement that the allowance shall not increase the compensation of the particular official beyond that maximum, and the operation of other subsisting laws. There is no implication from the language, as has been suggested, that the power can be exercised only where the allowance of ex officio compensation to the official is authorized by some other statute. The evident purpose of the Legislature was to authorize its allowance by this statute, within the limitations above stated; and it therefore suffices for the pur-

pose. The power was one within the authority of the Legislature to confer. The statute grants it in unequivocal terms. That ends the matter so far as the courts are concerned except in cases of a manifest abuse of the power."

In the case of Tarrant County, et al v. Hollis, et al, 76 S.W. (2d) 198, writ dismissed, the Court was considering an order of the Commissioners' Court authorizing the payment of ex officio compensation and it announced the following rules of law governing the payment of such compensation, to-wit:

"The order was entered just thirty-one days after appellee took office and at a time when the commissioners' court did not know what service 'ex-officio' the appellee would render or what amount he would collect in fees of office, i.e., what his compensation therefrom would be. The fact that in that one order the commissioners' court fixed the same ex officio compensation of $1,500 for the constable, the justices of the peace, the assessor, the collector, and the district clerk is strongly suggestive that the court did not consider seriously just what 'ex officio' services these officials would render, but since it is not necessary to our decision to do otherwise, we indulge the presumption of correctness, which is ordinarily due a court judgment. We do call to the attention of the commissioners' courts that not only must the ex officio services be rendered, but that such compensation therefor must be 'necessary.' It violates the spirit of the act for a commissioners' court to make such order merely to enable the petitioner to make the maximum allowed by law. The record is wholly silent as to what, if any, services those various officials were to perform, each in his different line of work, but each none the less of the same value to the county. If the purpose was only to increase the pay of those officials without any ex officio service contracted for, then the order was improper. We are unwilling to give the order a construction which its language does not warrant, and which, if so construed, would suggest imprudence on the part of the commissioners' court."

Under the last above-quoted statutes and the rules of law laid down in the court decisions referred to, it is our opinion that the additional compensation provided for by Senate Bill No. 123, Section 1, if authorized by the Commissioners' Court, can be paid from one-third of the excess fees of office and any ex officio compensation allowed to said officials, or

any of them, if the Commissioners' Court finds that said officials, or any of them, would render ex officio services and that the compensation allowed therefor is necessary and enters an order to that effect. This would apply, of course, separately to each of said officials, that is, each official would receive his compensation from the fees of his office and the ex officio compensation allowed to him, and this might vary as to the different officials.

Ex officio compensation is neither a fee of office nor an excess fee. Every service a county officer is required by law to perform, for which no fee or charge is specified, is an ex officio service, for which the Commissioners' Court, in its discretion, may allow ex officio compensation, payable out of the General Fund of the county.

By way of illustration of the rules of law above announced, we refer you to the following examples:

If the fees collected in one year are sufficient to pay only the base compensation of $2,400.00 allowed under Article 3883, together with the salaries of assistants and deputies and all authorized expenses, the Commissioners' Court, under said rules of law, has authority to allow ex officio compensation in an amount sufficient to make up the maximum amount that could be paid under Senate Bill No. 123, to-wit, $3,750.00, or an ex officio compensation of $1,350.00, or such part thereof as said court may determine.

If the fees collected in one year are sufficient to pay the base compensation of $2,400.00 allowed under Art. 3883, together with the salaries of assistants and deputies and all authorized expenses, and there remains $1,800.00 additional in excess fees, said official would be entitled to retain one-third, or $600.00, of said excess fees in addition to the base compensation of $2,400.00, making a total of $3,000.00 retained by him from fees of office. The Commissioners' Court would then be authorized to allow him ex officio compensation in an amount sufficient to make up the maximum amount that could be paid under Senate Bill No. 123, to-wit, $3,750.00, or an ex officio compensation of $750.00, or such part thereof as said court may determine.

If the fees collected in one year are sufficient to pay the base compensation of $2,400.00 allowed under Art. 3883, together with the salaries of assistants and deputies and all authorized expenses, and there remains $4,050.00 additional in excess fees, said official would be entitled to retain one-third, or $1,350.00, of said excess fees in addition to the base compensation of $2,400.00, making a total of $3,750.00

retained by him from fees of office. In this event the Commissioners' Court could not allow any ex officio compensation and, if ex officio compensation had been allowed and paid in any amount, the official receiving same would be liable to the county for re-payment thereof, See Taylor et al v. Brewster County, 144 S.W. (2) 314, writ dismissed.

Your attention is directed to the fact that, in our opinion, any of the increases in compensation above referred to which may be paid as compensation for ex officio services would be subject to the budget law (Article 689a-9 to Art. 689a-11, V.A.C.S.), and that, in order for that portion of such increases to be paid from funds belonging to the county, the county budget would have to be amended in accordance with said budget law, as set forth in our Opinions Nos. 0-5184 and 0-5053-A, copies of which are enclosed herewith.

We also direct your attention to the further fact that any such increase of salary for said officials, or any of them, for the year 1945 must be in the proportion as the balance of the year relates to the total annual increase that may be made under Senate Bill No. 123.

Trusting that this opinion satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:fb:wc
Enc.

Approved Aug 13, 1945
s/Carlos C. Ashley
First Assistant
Attorney General

This opinion considered and approved in limited conference.

Approved opinion Committee by s/BWB Chairman.