

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 15, 1993

Honorable Tracey Bright
Ector County Attorney
County Courthouse, Room 201
Odessa, Texas 79761

Opinion No. DM-228

Re: Whether a county commissioner may raise an issue for discussion after the commissioners court has taken final action on it and related questions (RQ-204)

Dear Ms. Bright:

You inquire about the procedures for raising an issue for discussion at a meeting of the commissioners court. You state that the Commissioners Court of Ector County took a final vote on amendments to an ordinance concerning sexually oriented businesses at a meeting from which one commissioner was absent. *See generally* Local Gov't Code ch. 243 (municipal and county authority to regulate location of sexually oriented business). Opponents of the amendments wish to have the court reconsider them. Questions have arisen on whether this matter may be placed on the agenda, or whether the commissioners may discuss it without having it placed on the agenda.

You ask:

> (1) In a subsequent meeting, can a Commissioner raise an issue for discussion if the Commissioners Court has previously taken final action on the matter?

> (2) [May] the Commissioners refuse to place a matter on their agenda?

The fact that the commissioners court has taken final action on amendments to an ordinance does not prevent it from amending the ordinance in the future or engaging in discussion that may lead to an amendment. *See August A. Busch & Co. v. Caufield,* 135 S.W. 244 (Tex. Civ. App. 1911, writ ref'd) (commissioners court has power to rescind an order made in its legislative capacity, insofar as vested rights are not impaired); *Collingsworth County v. Myers,* 35 S.W. 414 (Tex. Civ. App. 1896, no writ) (commissioners court may at any time revoke or modify resolution setting county judge's salary for ex officio services, when judge had not yet earned that salary); *see also Clark v. Tarrant County Child Welfare Unit,* 509 S.W.2d 378, 381 (Tex. Civ. App.--Fort Worth 1974, no writ) (legislature may as a general matter repeal any statute at will). The

commissioners court is subject to the Open Meetings Act, see V.T.C.S. art. 6252-17, § 1(c), and its meetings must comply with the requirements of the Open Meetings Act. Written notice of the "date, hour, place, and subject of each meeting" held by the commissioners court must be given before the meeting in accordance with section 3A of the act, subject to the following exception:

> The requirement for notice ... does not apply to matters about which specific factual information or a recitation of existing policy is furnished in response to an inquiry made at such meeting, whether such inquiry is made by a member of the general public or by a member of the governmental body. Any deliberation, discussion, or decision with respect to the subject about which inquiry was made shall be limited to a proposal to place such subject on the agenda for a subsequent meeting of such governmental body for which notice has been provided in compliance with this Act.

V.T.C.S. art. 6252-17, § 3A(a).[1]  Section 3A of the Open Meetings Act allows a county commissioner to make an inquiry during the meeting about factual information or existing policy that does not appear on the meeting notice, but the court may not discuss the subject except within the narrow limits set out in section 3A.

In addressing your question about authority to place subjects on the agenda for a commissioners court meeting, we assume that all subjects on the agenda of the meeting are also set out in the public notice of a meeting provided in accordance with section 3A of the Open Meetings Act.[2]  Attorney General Opinion JM-63 (1983) determined that the county judge was not authorized to control the content of the agenda, even though a statute designated him the presiding officer of the court. Local Gov't Code § 81.001(b) (formerly V.T.C.S. article 2342 (1925)). The opinion in *Hansbro v. Neiderhofer*, 83 S.W.2d 685 (Tex. Civ. App.--Beaumont 1935, no writ) supports this conclusion. It held that a county judge was subject to a writ of mandamus where he refused to recognize a motion duly proposed and seconded at a commissioners court meeting. The court stated that a county judge must allow the members of the court to submit motions to a vote of the court. *Id.* at 685. Attorney General Opinion JM-63 concluded that the commissioners

---

[1] Section 3A of article 6252-17, V.T.C.S., is not the exclusive means of placing a subject on the agenda of a meeting subject to the Open Meetings Act. See Attorney General Opinion MW-32 (1979).

[2] The terms "agenda" and "notice" have been used interchangeably in discussions of the Open Meetings Act, because of the practice of posting the agenda as the notice or as an appendix to the notice. See *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 764 (Tex. 1991). However, an agenda of a meeting is defined as "a list, outline, or plan of things to be considered or done," while the notice of the meeting is a written announcement. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 63, 808 (1983). We assume in answering your questions that the same list of subjects appears on both the written notice of the commissioners court meeting and on the agenda before the commissioners at the meeting.

court as a whole has the authority to determine its own agenda. *See* Tex. Const. art. V, § 18 (county commissioners court shall exercise power and jurisdiction over county business); Gov't Code § 311.013; *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948). It also stated that "[e]ach member of the court . . . must be permitted to place on this agenda any item of his choosing." Attorney General Opinion JM-63 at 3. Thus, a county commissioner may place a matter on the agenda for a meeting.

This conclusion does not mean that a commissioners court cannot adopt a procedure for placing items on the agenda. The net effect of any procedure adopted, however, cannot be to preclude a member of the court from placing an item on an agenda so that it may be discussed publicly. While votes on any particular matter may be subject to majority rule, we cannot condone the implementation of any procedure that would effectively preclude a duly elected representative on the commissioners court from at a minimum providing a public forum for discussion of any particular issue.

You also ask:

> (3) May *Robert's Rules of Order* be used to govern discussion in the Commissioners Court meetings?

> (4) If a treatise may be used to regulate the conduct of meetings, must it be formally adopted as the controlling authority in Commissioners Court?

Sections 81.005 and 81.006 of the Local Government Code address the time, location, and quorum requirements of commissioners court meetings. The court is also subject to the Open Meetings Act, but we have found no statute setting out comprehensive procedures for the conduct of commissioners court meetings.

The commissioners court of a county has only those powers that are expressly or by necessary implication granted it by the constitution and the statutes, but it has broad discretion in exercising expressly conferred powers. *Canales*, 214 S.W.2d 451; *Anderson v. Wood*, 152 S.W.2d 1084 (Tex. 1941). A commissioners court may adopt reasonable rules that are consistent with relevant provisions of law[3] to govern the conduct of its meetings. *See generally* Attorney General Opinion H-188 (1973). If the commissioners court wishes its meetings to be conducted according to *Robert's Rules of Order* or of those provisions of a treatise that are consistent with law, and to require compliance with those provisions from all members of the court, the court must formally vote to adopt the provisions.

---

[3]For example, rules applicable to meetings of the commissioners court must be consistent with the Open Meetings Act.

## S U M M A R Y

The commissioners court may continue to discuss an issue in a subsequent meeting even though it has previously taken final action on it, provided the topic of discussion has been properly noticed. Authority to prepare the agenda for a meeting is vested in the commissioners court as a whole, and not in the county judge. An individual commissioner may place items of his choosing on the agenda. The commissioners court may adopt reasonable rules consistent with relevant statutes and constitutional provisions to govern its meetings. If the court wishes its meetings to be governed by the provisions of a treatise that are consistent with law, it must vote to formally adopt those provisions as its controlling authority.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General