

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 13, 1998

The Honorable Steven D. Wolens
Chair, Committee on State Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-473

Re:     Validity of Dallas City Council rule that requires request by five council members or majority of a city council committee to place items on agenda for council meeting   (RQ-952)

Dear Representative Wolens:

You ask whether the following city council rule of procedure for the City of Dallas violates the Texas Open Meetings Act, Government Code chapter 551:

> **Presentations by Members of Council.** The mayor shall include on an agenda any item requested by five city council members or by a majority of a city council committee to be brought before the city council. The item must be placed on the first voting agenda scheduled at least 30 calendar days after receipt of request, unless the request is withdrawn by any of the five city council members or by a majority of the city council committee, whichever applies.[1]

Five city council members constitute one-third of the full city council membership.[2]

You further state:

> As applied by the Dallas City Council, this rule has been utilized to prohibit placement of an item on the council's agenda unless request for placement has been made by five city council members, or by a majority of a city council committee. This rule has been utilized to severely circumscribe and restrict what matters of public interest come before the council for consideration.

---

[1]City of Dallas, Texas, City Council Rules of Procedure, Rule 6.2, as adopted 8/11/93 and amended by Resolution Nos. 94-0297, 94-2571, 94-3328, 94-3675, 95-1545, 95-2450, 95-2451, 95-2760, 95-4204, and 96-0713.

[2]Letter from Sam Lindsay, City Attorney, City of Dallas, to The Honorable Dan Morales, Office of Texas Attorney General (Oct. 1, 1997). *See* Texas State Directory 475 (38th ed. 1995); *City of Dallas*, Mayor and City Council, (Sept. 6, 1997)<http://webster.ci.dallas.tx.us/html/mayor_and_city_council.html> (listing mayor and city council members).

The rule you cite is not the only provision for raising a matter of public interest at a city council meeting. The Dallas city charter provides that

> Special meetings shall be called by the city secretary upon the written request of the mayor, the city manager or three members of the council. Any such notice shall state the subject to be considered at the special meeting and may provide for the taking up of any other matters presented at such meeting.[3]

The Open Meetings Act (the "act") includes the following provision:

> (a) If, at a meeting of a governmental body, a member of the public or of the governmental body inquires about a subject for which notice has not been given as required by this subchapter, the notice provisions of this subchapter do not apply to:
>
> > (1) a statement of specific factual information given in response to the inquiry; or
>
> > (2) a recitation of existing policy in response to the inquiry.
>
> (b) Any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting.[4]

While this provision does not mandate that the item be placed on the agenda of a future meeting, it does allow an individual member of the governmental body to bring up a subject of public interest and to request consideration of it in the future.

We turn to your question as to the validity under the act of the rule requiring the agreement of five council members to place an item on the agenda of a meeting. The City of Dallas, like other home-rule cities,[5] has broad discretionary powers to legislate on its own behalf, provided that no charter provision or ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."[6] An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the

---

[3]Dallas, Tex., Charter, ch. III, § 7 (1993).

[4]Gov't Code § 551.042.

[5]*Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490-91 (Tex. 1993).

[6]Tex. Const. art. XI, § 5.

extent it conflicts with the state statute.[7] Thus, the Dallas City Council may adopt rules of procedure for its meetings as long as they are not inconsistent with the constitution, legislation, or city charter provisions.[8]

The Texas Open Meetings Act does not cover the details of agenda preparation. "Although the drawing up of an agenda is a matter related to a noticed public meeting, it essentially is an integral part of the actual mechanics and procedures for conducting that meeting and, therefore, aptly relegated to local practice and procedure as prescribed by city charters and ordinances."[9] Any procedures for agenda preparation adopted by the city council must nonetheless be consistent with the act's requirements that each meeting of a governmental body be open to the public, subject to certain exceptions, and that written notice[10] of the "date, hour, place, and subject of each meeting" be posted prior to the meeting.[11] Thus, agenda preparation procedures may not involve deliberations among a quorum of members of a governmental body except in a public meeting for which notice has been posted in accordance with the act. As noted in Attorney General Opinion DM-95 deliberations among a quorum of members of a governmental body may be subject to the act even if a quorum never gathers in one place at one time, but communicates by telephone or by circulating a memorandum.[12] Accordingly, rules on preparing an agenda may not involve deliberations among a quorum of members of a governmental body, unless they are conducted in compliance with the act.[13] Moreover, if a member or group of members of a governmental body knowingly conspires to circumvent the act by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of the act, the person or persons commit a criminal offense. We caution members of

---

[7]*Dallas Merchant's & Concessionaire's Ass'n*, 852 S.W.2d at 490-91; *see City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964) (if legislature chooses to preempt subject matter usually encompassed by broad powers of home-rule city, it must do so with unmistakable clarity).

[8]*See generally* 56 AM. JUR. 2D *Municipal Corporations* § 156 (1971).

[9]*Hough v. Stembridge*, 278 So.2d 288, 291 (Fla. Dist. Ct. App. 1973); *see also* La. Att'y Gen. Ops. Nos. 94-152 (1994) (WL 379277 (1994)), 90-541 (1990) (WL 544987 1990)) (setting agenda is matter of internal procedure to be determined by governmental body).

[10]The written notice posted prior to the meeting is often described as the "agenda," because of the practice of posting the agenda as the notice or as an appendix to the notice. *See City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 764 (Tex. 1991); Attorney General Opinion DM-228 (1993) at 2 n.2.

[11]Gov't Code §§ 551.002, .041.

[12]*See* Attorney General Opinion DM-95 (1992). Attorney General Opinion MW-32 upheld as not violating the act an agenda preparation procedure under which three members of Air Control Board notified the executive director to place a particular item on the agenda of a meeting. Attorney General Opinion MW-32 (1979). Prior to its abolition in 1991, *see* Act of July 30, 1991, 72d Leg., 1st C.S., ch. 3, § 1, 1991 Tex. Gen. Laws 4, 46, the Air Control Board consisted of nine members. Act of May 24, 1967, 60th Leg., R.S., ch. 727, § 3, 1967 Tex. Gen. Laws 1941, 1942.

[13]The Dallas City Council is a governmental body subject to the act. *See* Gov't Code § 551.001(3)(C). Whether any of the committees that may place items on the agenda are governmental bodies must be determined on a case-by-case basis by examining their authority in light of the definitions in the act.

governmental bodies to be aware of this provision when proposing items for inclusion on the agenda of a meeting.

You do not ask us to evaluate any other statute in connection with this rule of procedure nor have we found any provision that governs the preparation of the agenda for council meetings of a home-rule city. Attorney General Opinions JM-63 and DM-228, which determine that each member of a county commissioners court may place items on the agenda, relied on statutes applicable to counties, not cities. Attorney General Opinions DM-228 (1993), JM-63 (1983).

A case styled *Hansbro v. Neiderhofer*, 83 S.W.2d 685 (Tex. Civ. App.--Beaumont 1935, no writ), which Attorney General Opinion DM-228 relied upon, can also be distinguished. The court held that a county judge, as presiding officer of the commissioners court, "has no discretion in receiving motions offered in the regular discharge of the court's business, and submitting said motions to a vote of the members of the court for their decision."[14] Thus, the county judge was subject to a writ of mandamus where he refused to recognize a motion duly proposed and seconded at a commissioners court meeting. *Hansbro* indicates that a single member of the commissioners court may raise a subject before the court by proposing a motion. That right can only be implemented under present law if the individual member may place subjects on the agenda posted as notice of a commissioners court meeting. Thus, the result in *Hansbro* is consistent with our conclusions in Attorney General Opinions JM-63 and DM-228, that individual members of the commissioners court may place items on the agenda. However, the rule of procedure stated in *Hansbro* does not control the city council of a home-rule city. If this case is based on statutes applicable only to the commissioners court, it does not apply to the governing body of a city. If it is based on a common-law rule of meeting procedure, a home-rule city may change the rule by exercise of its legislative power.[15] Accordingly, *Hansbro* does not prevent the city council of a home-rule city from adopting reasonable rules of procedure for its meetings.

You state that the Dallas rule "has been utilized to severely circumscribe and restrict what matters of public interest come before the council for consideration," but you do not identify any city charter provision or constitutional provision that may limit the city council's authority to adopt this rule. In Attorney General Opinion H-188, this office determined that the Open Meetings Act does not authorize the public to choose the items to be discussed or to discuss subjects on the agenda. The opinion stated as follows:

> So long as the requirements of . . . [the Open Meetings Act] are met and
> the right of citizens to apply to their government for redress of grievance by

---

[14]*Hansbro v. Neiderhofer*, 83 S.W.2d 685 (Tex. Civ. App.--Beaumont 1935, no writ).

[15]*See* Attorney General Opinion JM-1087 (1989) (home-rule city may overcome common-law doctrine of incompatibility for city offices by charter provision).

"petition, address or remonstrance"[16] is not abridged . . ., it is our opinion that a Commissioners Court need not provide a public forum for every citizen wishing to express an opinion on a matter.

Attorney General Opinion H-188 (1973) (footnote added).[17] We find no basis for concluding that the city council rule in question is invalid for being inconsistent with the constitution, general laws, or city charter provisions.

We cannot determine in the opinion process whether the rule you inquire about is a reasonable exercise of the city council's power to establish its rules of procedure. In addressing the reasonableness of this rule, however, we believe it is appropriate to consider it together with other procedures for placing items on the agenda of a meeting. The reasonableness of the city's rules of procedure is in the first instance a matter for the discretion of the city council, subject to judicial review for abuse of discretion.

---

[16]Tex. Const. art. I, § 27.

[17]The legislature has stated in section 22.043 of the Local Government Code, that "[p]etitions and remonstrances may be presented to the governing body of the municipality and must be in writing." While section 22.043 expressly applies to type A general-law cities, other Local Government Code provisions make it applicable to type B and type C general-law cities. This provision illustrates a method other than inclusion on the agenda of a city council meeting whereby matters of public interest may be presented to members of the city council.

# S U M M A R Y

A rule of Dallas City Council on preparing the agenda of a city council meeting requires five members (one-third) of the city council or a majority of a city council committee to request the mayor to include an item on the agenda of a meeting. The City of Dallas, as a home-rule city, is authorized to adopt reasonable rules of procedure for its meetings as long as they are not inconsistent with the constitution, statutes, or city charter provisions. We see no basis for finding the rule invalid under the Open Meetings Act or inconsistent with the constitution, general laws, or city charter provisions. Whether a particular rule is reasonable cannot be determined in the opinion process. It is a matter for the discretion of the city council, subject to judicial review for abuse of discretion.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General